**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**PERRY APSLEY, et al.,**                    )
                                             )
                    **Plaintiffs,**          )
                                             )
**v.**                                       )          **Case No. 05-1368-MLB**
                                             )
**THE BOEING COMPANY, THE ONEX**             )
**CORPORATION, and SPIRIT**                  )
**AEROSYSTEMS,**                             )
                                             )
                    **Defendants.**          )
_____)


**MEMORANDUM AND ORDER**


        This matter is before the court on plaintiffs' motion to compel (Doc. 219) and

Boeing's motion to quash (Doc. 228).  For the reasons set forth below, plaintiff's motion

shall be DENIED and Boeing's motion shall be GRANTED.[1]


**Plaintiffs' Motion to Compel**

        Plaintiffs move for an order compelling the production of documents designated as

protected by the attorney-client privilege or, in the alternative, for an in camera review.

Plaintiffs contend that Boeing has failed to carry its burden of showing that the privilege is

_____

        [1]

        The nature of this lawsuit has been described in prior opinions and will not be
repeated.  See, e.g., Memorandum and Order, Doc. 218, filed October 24, 2007.

applicable to the documents listed in Boeing's privilege log and that the court should review the documents in camera.  The parties' specific arguments are discussed in greater detail below.

**Nature of the Communication**

Plaintiffs argue that the attorney-client privilege does not extend to business advice by an attorney but is limited to communications seeking or providing legal advice.  Because plaintiffs cannot determine from the privilege log whether the withheld information contains legal or business advice, plaintiffs argue that the court should conduct an in camera review of the documents to determine whether the privilege applies.  Boeing agrees that the privilege is limited to legal advice and does not apply to business advice; therefore, Boeing has already produced e-mail messages from attorneys containing business advice.  However, Boeing asserts that communications concerning legal advice have been properly withheld and listed in the privilege log.

There is no dispute between the parties that business advice by an attorney is not protected by the privilege and, as noted above, Boeing contends that such information has already been produced.[2]  However, plaintiffs persist in their request for an in camera review. The court declines plaintiffs' request.  When stripped of prolixity, plaintiffs' requests for an

---

[2]

Plaintiffs do not dispute Boeing's assertion that numerous e-mails from attorneys concerning business advice have been produced.

in camera review is a direct attack on defense counsels' veracity.[3]  However, plaintiffs present no evidence or argument raising any inference that defense counsels' veracity is suspect or that there is a reason to question the accuracy of the privilege log.[4]  Defense counsel are officers of the court and, absent some justification or credible argument, their representations concerning production should not be lightly dismissed.  Accordingly, plaintiffs' argument for an in camera review to search for "business advice" is not persuasive.

**Multiple Documents**

Boeing's privilege log contains some "entries" with references to numerous Bates-stamped documents.  Plaintiffs argue that Boeing's privilege log fails to show that the attorney-client privilege is applicable to each of the listed Bates-stamped documents.  However, Boeing explains that the structure of its privilege log is the result of (1) the same e-mail messages (containing legal advice) being stored in more than one e-mail file and/or (2) legal advice being repeated in string e-mail messages.  Because the same e-mail message existed in more than one electronic "document," Boeing listed all of the documents by Bates number where the legal communication was located.  Although Boeing listed entire e-mail

---

[3]

Plaintiffs' argue: "this motion does not attack the veracity of defendant's counsel." Doc. 226, p. 2.  However, plaintiffs immediately follow with the assertion that they "are not bound by defendant's good faith designations" and insist that the court conduct an in camera review.  Id.  These arguments are not consistent.  In essence, plaintiffs ask the court to confirm the veracity of counsel's representations in the privilege log.

[4]

At best, plaintiffs argue that the court should review the documents in camera simply because plaintiffs have challenged defendant's designations.  Doc. 226, p. 2.

strings, it redacted only the portion of the string that contained legal communications.

At first glance Boeing's listing of multiple Bates-stamped documents for a single privilege log entry is confusing. However, with Boeing's clarification, the court is satisfied that the log adequately supports Boeing's claim of privilege for multiple copies of the same communication.[5]   Accordingly, plaintiffs' objection to Boeing's listing of "multiple documents" is rejected.

**Authors and Recipients of Communications**

Plaintiffs assert that a document that is not authored by an attorney is not protected by the attorney-client privilege. This interpretation is too narrow because the attorney-client privilege covers communications to or from the client so long as the communication is in the context of securing legal advice. See, e.g., Johnson v. Kraft Foods, 2007 WL 221927 (D. Kan. July 30, 2007) (privilege protects not only professional advice by a lawyer but also the giving of information to the lawyer to enable the lawyer to provide sound and informed advice). Plaintiffs also argue that some of the email messages reflect multiple authors and/or recipients. However, these examples occur in the context of string email messages and, as explained above, Boeing has produced the string emails, redacting only the specific portion

---

[5]   The organization of a privilege log for electronic documents existing in multiple locations presents a challenge. Perhaps a better method would be to list the original legal communication by date, author and recipient and thereafter indicate that the other Bates-stamped documents are copies or a repeat of the original legal communication. However, electronic discovery is an evolving practice and Boeing will not be faulted for its efforts to organize the privilege log.

that contains attorney-client communications.

Plaintiffs also assert that Boeing has waived the attorney-client privilege by sharing the legal advice with a third party.  However, the "third party" was Goldman Sachs, a consultant hired by Boeing to assist in the sale of Boeing's Wichita facilities.  Boeing asserts that the withheld information is (1) legal advice from Boeing's counsel for the purposes of obtaining information or services from Goldman Sachs or (2) Goldman Sachs' advice to Boeing of the need for legal advice in order to act on Boeing's behalf.  Under the circumstances, legal communications with a retained consultant does not waive the attorney-client privilege.  See Steele v. First Nat'l Bank of Wichita, 1992 WL 123818 (D. Kan., May 26, 1992).


**Spirit Communications**

Plaintiffs also seek to compel communications from Spirit's counsel that are listed on Boeing's privilege log.  Plaintiffs contend that since the email messages are from counsel representing another party (Spirit), the communication is not between Boeing and its attorney.  However, Boeing explains that the non-privileged portions of the email messages have been produced and the withheld portions are ***Boeing counsel's advice to Boeing*** about the communication and ***handwritten notes by Boeing's counsel.***  The court agrees that the redacted information is subject to the attorney-client privilege.

**Summary**

The court has reviewed the privilege log and the arguments of counsel and is satisfied that the materials are protected by the attorney-client privilege.  Moreover, an in camera review is not warranted.  Accordingly, plaintiffs' motion shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel or, in the alternative, for an in camera review **(Doc. 219)** is **DENIED.**

**Boeing's Motion to Quash**

Plaintiffs served notice to take depositions pursuant to Fed. R. Civ. P. 30(b)(5) & (6) of Boeing's designated representative in Wichita, Kansas.  Boeing moves to quash the deposition notice, arguing that plaintiffs should take the deposition in Seattle, Washington where the deponent, John Borst, resides, rather than in Wichita.  Plaintiffs oppose the motion, arguing that the deposition should take place in Wichita.

The general rule in this district is that "an initial presumption exists that a defendant should be examined at his residence or principal place of business." Ice Corp. v. Hamilton Sundstrand Corp., 2007 WL 1500311, *4 (D. Kan., May 21, 2007); See also Payne v. McKune, 2007 WL 3036190 (D. Kan., Oct. 16, 2007)(in general, deposition of corporate executives and officers are to be taken at the principal place of business of the corporation). Boeing asserts that Seattle, Washington is its principal place of business and location of the witness; thus, the deposition should take place in Seattle.

Plaintiffs counter that the general rule does not apply when a plaintiff is constrained

in selecting a forum.  The Topps Co. v. Productos Stani Sociedad Anomia Industrial Y Commercial, 2001 WL 406193 (S.D.N.Y., April 20, 2001).  Thus, the deposition should occur in Wichita because plaintiffs were "constrained" to file this lawsuit in Wichita. Plaintiffs also argue that cost, convenience, and efficiency weigh in favor of conducting the deposition in Wichita.  As explained below, neither argument is persuasive.

Plaintiffs' reliance on Topps Co. is not persuasive because the "constraint" or reason for filing the case in the Southern District of New York was a forum selection clause in the parties' contract.  Here, there was no such clause which "constrained" plaintiffs to file the case in Wichita, Kansas.  More importantly, the court in Topps Co. still required plaintiff to depose defendant's corporate representatives in Argentina where the deponents resided and worked.  See also Six West Retail Acquisition v. Sony Theatre Management Corp., 203 F.R.D. 98, (S.D.N.Y. 2001)(plaintiff's deposition of defendant's corporate representatives ordered to take place in Japan where the deponents resided and worked).

Plaintiffs' argument concerning cost, convenience, and efficiency is similarly not persuasive.  Although it is undoubtedly true, as plaintiffs argue, that it is more convenient for counsel to take the deposition in Kansas, it is not more convenient for Mr. Borst to travel to Kansas for a deposition.  Moreover, there is no evidence that Boeing selected Mr. Borst in an attempt to increase the expenses of this lawsuit.  Mr. Borst was selected because there are no Boeing witnesses in Wichita knowledgeable about the topics listed in the deposition notice.  Finally, the need to conduct depositions in various locations is not an extraordinary event, given the nature of this class action lawsuit.  The court is not persuaded that the

circumstances surrounding this deposition should alter the general rule; therefore, plaintiffs shall take Mr. Borst's deposition in Seattle, Washington and Boeing's motion to quash the deposition scheduled in Wichita, Kansas shall be GRANTED.

**IT IS THEREFORE ORDERED** that Boeing's motion to quash **(Doc. 228)** is **GRANTED.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of January 2008.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge