## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PERRY APSLEY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 05-1368-MLB |
| ) | |
| **THE BOEING COMPANY and SPIRIT** ) | |
| **AEROSYSTEMS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion "to compel or for an in camera review of documents." (Doc. 255). For the reasons set forth below, plaintiffs' motion shall be DENIED.[1]

Plaintiffs seek an order compelling the production of certain documents that defendants designated as protected by the attorney-client privilege. Specifically, plaintiffs argue that defendants (1) failed to carry their burden of showing that the privilege is applicable to the documents listed in the privilege log and/or (2) "impliedly waived" the privilege. The parties' arguments are discussed in greater detail below.

---

[1] The nature of this lawsuit has been described in prior opinions and will not be repeated. See, e.g., Memorandum and Order, Doc. 218, filed October 24, 2007.

**1. Sufficient Showing**

Plaintiffs challenge two categories of documents listed on defendants' privilege logs: (1) a collection of emails regarding an "adverse impact analysis" conducted by defendants and (2) certain documents related to an agreement between Spirit and the IAM National Pension Fund. (Doc. 256-2, p. 3). First, plaintiffs argue that "it is not clear based on the description of many documents that *each document* listed in the Bates Range would fall under the same privilege." Doc. 256,-2, p. 3 (emphasis in original). This argument is rejected. Review of the privilege log reveals that only one document or email message is listed for each privilege log entry.

Plaintiffs also argue, in a conclusory fashion and without specifying any privilege log entries, that the attorney-client privilege has not been established because documents were either (1) not authored by an attorney or (2) attorneys were not involved in the communication. Defendants counter that the emails drafted by non-attorneys were prepared in the context of requesting or receiving legal advice.

A communication is privileged if it is between an attorney and client in the context of providing legal advice, even if the communication comes from the client. Johnson v. Kraft Foods, 2007 WL 221927 (D. Kan. July 30, 2007). Accordingly, plaintiffs' conclusory assertion that an attorney did not create the email message does not defeat the privilege. Similarly, "communications among non-attorneys in a corporation may be privileged if made at the direction of counsel, to gather information to aid counsel in providing legal services." Williams v. Sprint/United Mgmt. Co., 238 F.R.D. 633, 638 (D. Kan. 2006). Moreover, the

attorney-client privilege is not lost merely because an employee conveys the legal communication to another employee for action. The court is satisfied, based on a review of the privilege logs and defendants' response brief, that defendants have made a sufficient showing that the disputed entries are protected by the attorney-client privilege.[2]

**2. Waiver**

Plaintiffs also assert that defendants have impliedly waived the attorney-client privilege under the three-prong test first announced in Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975). Under Hearn, the court must find each of the following conditions to establish an implied waiver of the attorney-client privilege: (1) the party asserting the privilege affirmatively acted in a manner that resulted in the assertion of the privilege; (2) through the affirmative act, that party placed the protected information at issue by making it relevant to the case; and (3) application of the privilege would deny the opposing party access to information vital to its claims of defense.[3]

---

[2] Privilege Log Entry No. 10026 is listed in plaintiffs' motion. However, Boeing's revised privilege log indicates that the document is protected by only the work product doctrine. The court declines to address the issue of whether entry No. 10026 should be produced because plaintiffs' motion does not challenge defendants' contention that the document is work product.

[3] Noting that Hearn has been criticized and its tests applied unevenly, the Second Circuit recently added a requirement that a party *rely* on privileged advice from counsel to make a claim or defense. In Re Erie County, 546 F. 3d 222 (2nd Cir. 2008). This court finds it unnecessary to consider the more recent limitations discussed in Erie because plaintiffs fail to satisfy the traditional Hearn standards.

The Tenth Circuit has not enunciated a test for when an implied waiver occurs. See IMC Chems., Inc. v. Niro, Inc., 2000 WL 1466495 at *8 (D. Kan. July 19, 2000)(J. Waxse describes the various approaches, noting that Hearn utilizes a liberal test). However, even if this court were to apply the liberal Hearn test, defendants have not "impliedly waived" the attorney-client privilege because *defendants* have not placed the protected communications at issue in this lawsuit.[4] Accordingly, plaintiffs' argument that defendants impliedly waived the attorney-client privilege is rejected.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel or, in the alternative, for an in camera review **(Doc. 255)** is **DENIED.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts

---

[4] The court rejects plaintiffs' argument that *defendants* affirmatively placed the communications at issue because Boeing managers (who later became Spirit managers) "failed to take any steps to address the adverse impact" against older workers. This argument reflects *plaintiffs' factual claims* rather than affirmative defenses asserted by defendants.

Plaintiffs also cite differences between a draft and the final version of an agreement between Spirit and the IAM National Pension Fund. However, plaintiffs fail to show how *defendants* affirmatively placed the change in wording at issue in this case.

or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of December 2008.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge