# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PERRY APSLEY, et al.

        *Plaintiffs*,

vs.

THE BOEING COMPANY, THE ONEX CORPORATION, and SPIRIT AEROSYSTEMS,

        *Defendants.*

Case No. 05-1368-EFM

## MEMORANDUM AND ORDER

28 U.S.C. § 455(a) provides: "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Asserting that my impartiality as a judge in this matter might reasonably be questioned, plaintiffs move to recuse me. Plaintiffs' motion emphasizes the word "might" in their motion, but case development indicates that the more appropriate emphasis should be on "reasonably."[1] Because knowledge of all the relevant facts would not cause a reasonable person to have cause to question my impartiality, Plaintiffs' motion is denied.

Plaintiffs' motion sets forth three grounds for recusal. First, recusal is sought on the grounds that I previously represented the defendant in this case, Boeing. Second, recusal is sought on the

---

[1] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

grounds that I previously was a partner in the law firm which represents Boeing in this instant matter, and was a partner there at the same time that each of defendants' current counsel were employed by the firm.[2]  Third, recusal is sought on the grounds that during the time I was United States Attorney in this District, I was adverse to Plaintiffs' current counsel in unrelated criminal litigation and was "more than a passive participant" in that criminal litigation, as I "approved the prosecution of" defendants and "made public statements regarding the litigation."[3]  Plaintiffs expound on this third point by arguing that the litigation in question was "hotly contested" and by asserting that, in his representation of the criminal defendants in that unrelated litigation, counsel for the Plaintiffs here made several critical assertions regarding that case which I (as United States Attorney) had authorized.[4]

Plaintiffs correctly note that the standard is not whether a judge is *in fact* biased against a party, or otherwise prejudiced regarding the litigation.  Rather, the issue of bias or prejudice are to be evaluated on an objective basis, "so that what matters is not the reality of bias or prejudice but its appearance."[5]  Recusal should be determined based upon "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[6]  However, the standard also is not speculative nor fanciful.  The test is a reasonable analysis, made upon knowledge of all

---

[2] Currently, the Court's docket sheet lists 8 attorneys from the law firm as having entered their appearance in this case.  Of those 8, 2 were not at the firm when I was, and 4 were partners at the firm with me.

[3] Plaintiffs' Motion to Recuse, Doc. 272, at p. 3.

[4] In Plaintiffs' Reply (Doc. 277), Plaintiff notes that if the Court has any financial interest in Boeing or Spirit, that would create an additional reason to recuse.  I do not.

[5] *Liteky v. United States*, 510 U.S. 540, 548 (1994).

[6] *Bryce v. Episcopal Church*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

the facts.  Recusal under Section 455(a) "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or suggestion."[7]  Further, the law of recusal does not recognize the concept of recusing to be on the safe side, for "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."[8]

Because the analysis presupposes that the reasonable person has knowledge of all the relevant facts, a supplement of Plaintiffs' factual statement is the first order of business.  With respect to Plaintiffs first ground for recusal, I joined defendants' law firm, Foulston Siefkin, LLP[9] in August of 1987, and became a partner in June of 1992.  I left the firm in March of 2002 to accept an appointment as United States Attorney, which position I held until becoming a federal district judge in October of 2008.  Therefore, I was with the firm 14 years and 8 months, was a partner at that firm for 9 years and 9 months, and have been gone from the firm for 7 years and 4 months.[10] In other words, I have been gone from the law firm for half as long a period of time as I was there, and for a period of time only slightly shorter than I was a partner there. Contrary to Plaintiffs' vague allegations, my tenure with the firm does not appear to have overlapped any of the pertinent facts relevant to this case, and in any event I was not involved with or knowledgeable of them.  This case arises from actions involving the sale of Boeing's Wichita assets to the newly formed company

---

[7]*Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citing *United States v. Cooley*, 1 F.3d at 993).

[8]*Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

[9]At the time I joined the firm, it was known as Foulston, Siefkin, Powers & Eberhardt.

[10]Plaintiffs' Motion notes that I had only been gone from the firm 3 years at the time this action was filed. While the action was filed in December of 2005 (3 years and 8 months after my departure from the firm), that date is irrelevant as I had nothing to do with the case on that date.  It was not reassigned to me until I took the federal bench in October of 2008 (6 years and 7 months after my departure from the firm).

Spirit Aerosystems, which occurred 3 years after my departure.

Moreover, during my 6 years and 7 months as United States Attorney, my United States Attorney's Office had several cases adverse to clients represented by Foulston Siefkin. I was actively involved with some of those cases, and as United States Attorney was knowledgeable of and supervised all of them. As a federal judge over the past 9 months, I have had over two dozen cases assigned to me in which Foulston Siefkin represents one of the parties; over half of those are still open. In other words, since the time that I was a lawyer with Foulston Siefkin, I have been both involved as a lawyer opposing parties represented by Foulston Siefkin, and have been assigned to preside over court disputes involving parties represented by Foulston Siefkin.

It should also be noted that I have no continuing financial interest in, or financial expectation from, the Foulston Siefkin firm, and have not so had since my departure in March of 2002. Plaintiffs' rationale for their first ground for recusal is nothing more than the fact that I used to be, years ago, associated with Defendants' law firm. It is not reasonable to question my impartiality as a judge on those grounds alone.

With respect to Plaintiffs' second ground for recusal, I did, while associated with the Foulston Siefkin law firm, represent Boeing from time to time. Those representations all involved tax matters – generally property tax matters. As Boeing's tax matters were handled from its corporate offices, then in Seattle, my client contacts in the course of such representation were not Wichita-based Boeing employees (although documents and information would be obtained from Wichita based employees, they were only acting at the direction of the managers in Seattle). This instant matter involves employment matters specific to the Wichita location. My representation of Boeing did not involve any employment matters, nor did it include interaction with anyone in a

managerial position (then or now) at Boeing regarding employment matters. Boeing, as should be apparent, is a large corporation, with many different departments and divisions, involving many different people.

Further, during my more recent tenure as United States Attorney, I supervised several cases adverse to Boeing, and was personally involved in some of those matters. In other words, since the time that I represented Boeing, I have been adverse in litigation to Boeing.

The law does not require recusal based on prior, unrelated representation of the same party. Awareness of the facts related to my representation of Boeing in the past, and the facts relevant to the claims in this case, would not lead to reasonably questioning my impartiality as a judge in this case.

Finally, Plaintiffs suggest that my impartiality may be reasonably questioned because of harsh statements Plaintiffs' counsel allegedly[11] made regarding unrelated litigation involving him and the United States Attorney's Office during a time period when I was the United States Attorney. This is the weakest of Plaintiffs' three grounds for recusal. First, the law is clear that a defendant cannot force judicial recusal by making "heated" comments about the judge:

> "The mere fact that a defendant has made derogatory remarks about a judge is insufficient to convince a sane and reasonable mind that the attacked judge is biased or prejudiced." The same is true regarding an objective person, knowing all the facts, assessing whether the judge's impartiality may *reasonably* be questioned. Any other conclusion would allow defendants to cause the recusal of judges simply by making scurrilous and disparaging remarks or charges about them. Permitting parties to manipulate the system with falsehoods or insults in such a manner would be a bizarre application of § 455(a) . . . .[12]

---

[11] I say "allegedly" only because, prior to the filing of this motion, I was totally unaware of these statements counsel claims to have made, which he asserts as grounds for my bias or prejudice against his current clients.

[12] *Cooley*, 1 F.3d at 994, fn. 5 (quoting *United States v. Bray* 546 F.2d 851, 858 (10th Cir. 1976)) (emphasis original).

Certainly, if a party's remarks cannot be a reasonable basis for recusal, then the remarks of the party's counsel clearly cannot form such a reasonable basis. The only claim of bias which is pertinent to the considerations in a recusal motion is a claim of bias against a party, not against an attorney.[13]

Under the relevant legal standards, a reasonable person, with knowledge of all the relevant facts, would not harbor doubts about my impartiality in this matter upon the basis of comments Plaintiffs' lawyer claims he made previously.

Accordingly, the law requires that I not recuse myself from this case.[14]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Recuse (Doc. 272) is DENIED.

**IT IS SO ORDERED**.

Dated this 2nd day of July, 2009 in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13]*Hinman* 831 F.2d at 939*; Gilbert v. City of Little Rock*, 722 F.2d 1390, 1398-99 (8th Cir. 1983).

[14]Although Plaintiffs' motion only seeks recusal in this case, it is inescapable that if an analysis compelled recusal from this case on either Plaintiffs' first or second basis, or both, then it would also require my recusal from all other cases in which Foulston Siefkin represents a party, and/or in which Boeing is a party.