# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PERRY APSLEY, *et al.*,

        *Plaintiffs*,

vs.

THE BOEING COMPANY and SPIRIT AEROSYSTEMS, INC.,

        *Defendants.*

Case No. 05-1368-EFM

**MEMORANDUM AND ORDER**

This case arises out of The Boeing Company's ("Boeing's") sale of the assets of its commercial facilities in Wichita, Kansas, and Tulsa and McAlester, Oklahoma (the "Wichita Division"), to Spirit AeroSystems, Inc. ("Spirit"), in June 2005. Plaintiffs are former Boeing employees who were not hired by Spirit when it purchased Boeing's Wichita Division assets. On December 19, 2005, Plaintiffs filed this action, asserting the following claims: Count I – age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623;[1] Count II – violation of the records-keeping requirement of 42 U.S.C. § 2000e-8(c); Count III – violation of the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1); Count IV – interference with rights under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140; Count V – breach of the collection bargaining agreement between the plaintiffs

---

[1]Plaintiffs allege pattern and practice, disparate treatment, and disparate impact age discrimination.

and the defendants in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; and Count VII – retaliation.[2]

On December 18, 2006, the Court issued an Order dismissing Counts II and III.[3] On October 30, 2007, the Court issued an Order dismissing Plaintiffs' ADEA claims stemming from conduct that occurred prior to January 1, 2005, and Plaintiffs' retaliation claims brought under Title VII and the Americans with Disability Act ("ADA").[4] On June 30, 2010, the Court issued an Order dismissing Plaintiffs' ERISA claim arising out of the Wichita Division divestiture, Plaintiffs' LMRA claim alleging that Boeing violated its collective bargaining agreement ("CBA") with the International Association of Machinists and Aerospace Workers ("IAM") when IAM members who did not receive job offers from Spirit were not allowed to vote on the proposed CBA between Spirit and the IAM, Plaintiffs' ADEA pattern or practice of intentional age discrimination collective action claim, and Plaintiffs' ADEA disparate impact claim. On April 8, 2011, the Court denied Plaintiffs' motion to reconsider the Court' June 30 Order.[5] Following the issuance of the afore described orders, Plaintiffs have at least one outstanding claim – disparate treatment based on age.

This matter is now before the Court on Plaintiffs' motion requesting Rule 54(b) certification of the June 30 Order, or, in the alternative, permission to seek an interlocutory appeal of that order (Doc. 366), and Defendants' motion seeking Rule 54(b) certification of the June 30, October 30, and

---

[2]Count VI merely states that Plaintiffs are seeking injunctive and equitable relief restraining defendants from illegally discriminating against Plaintiffs and the Class.

[3]*See* Doc. 139.

[4]*See* Doc. 222.

[5]*See* Doc. 365.

April 8 Orders (Doc. 370). Plaintiffs' Rule 54(b) request is unopposed. Defendants' requests are unopposed. For the reasons stated below, the Court grants the parties' motions.

Pursuant to Rule 54(b), when multiple claims or parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[6] In deciding a Rule 54(b) motion, the Court must consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[7] If the Court concludes that certification is appropriate, it must make two express findings: (1) that the judgment is final, and (2) that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.[8]

**Finality of the June 30 and October 30 Orders**

To be final, an order "must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[9] Claims are considered disposed of if they are "distinct and separable from the claims left unresolved."[10] Although there is no hard-and-fast rule for determining whether claims are separable, "courts should consider whether the

---

[6] Fed. R. Civ. P. 54(b).

[7] *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (internal quotation marks omitted) (alterations in original).

[8] *See id.*

[9] *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (internal quotation marks omitted).

[10] *Id.* at 1243.

allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible."[11]

With the aforementioned principles in mind, the Court finds that both the June 30 and October 30 Orders are final orders for purposes of Rule 54(b). Beginning with the June 30 Order, each of the claims disposed of are separate and distinct from any remaining claims, as they turn on different factual questions, involve different legal issues, and allow for separate recovery. With regard to the October 30 Order, the same is true. As a result, the Court concludes that the June 30 and October 30 Orders satisfy the finality requirement.

**Whether a just reason for delaying review of the June 30 and October 30 Orders exists**

In deciding whether the second requirement for Rule 54(b) certification is satisfied, the Court "must take into account judicial administrative interests as well as the equities involved."[12] Here, the June 30 Order easily meets the requisite standard. Based on Plaintiffs' counsel's representations, it appears that there is a significant number of named and consent plaintiffs, possibly 700, who intend to pursue individual ADEA claims. Due to the sheer number of plaintiffs, this case will likely not only take many years to resolve, but also devour a staggering amount of resources. Because of these facts, the Court believes that the most prudent course of action is to have the Tenth Circuit review the rulings contained in the June 30 Order sooner than later. By reviewing the June 30 Order now, the Court can avert the costly possibility of having to retry the plaintiff's ADEA claims,[13] or

---

[11]*Inola Drug, Inc. v. Express Scripts, Inc.*, 390 F. App'x 774, 774 (10th Cir. 2010).

[12]*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

[13]*Cf. Thiessen v. GE Capital Corp.*, 267 F.3d 1096, 1106 (10th Cir. 2001) (noting that pattern-or-practice ADEA claims differ dramatically from individual ADEA claims, and stating that if the plaintiffs were to succeed on their patten-or-practice theory that they would be entitled to a presumption that their employer had discriminated against them when they sought individual relief).

having to try a second round of cases that involve many of the same parties and underlying facts that the first did, which would be the case if the Circuit was to disagree with the Court's rulings regarding Plaintiffs' ERISA and LMRA claims. Therefore, in light of the potential problems just highlighted, the Court finds that there is no just reason for delaying review of the June 30 Order.

As for the October 30 Order, the Court also concludes that there is no just reason to delay review of it. As Tenth Circuit precedent reveals, there is no just reason to deny a request for review of a district court's ruling that disposes of claims that are separate and distinct from those that remain when another ruling made in the same case is already being reviewed by the circuit court.[14] Accordingly, because the Court has already found that the June 30 Order should be certified, it finds that there is no just reason to delay review of the October 30 Order.

In sum, the Court concludes that the June 30 and October 30 Orders satisfy both of the requirements for Rule 54(b) certification. Additionally, due to the fact that the April 8 Order denying Plaintiffs' motion to reconsider the June 30 Order is inextricably intertwined with the June 30 Order, an appealable order, the Court concludes that the April 8 Order should also be certified to the Circuit for its review.[15] As a result the Court grants Defendants' and Plaintiffs' motions seeking certification.[16]

With regard to the other outstanding motions in this case – Plaintiffs' motion to strike Defendants' expert report (Doc. 349) and Defendants' motion to strike Plaintiffs' motion to strike (Doc. 351) – in light of its rulings regarding certification, the Court denies them without prejudice.

---

[14] *See Gross v. Pirtle*, 116 F. App'x 189, 194-95 (10th Cir. 2004).

[15] *See, e.g., Carpenter v. The Boeing Co.*, 223 F.R.D. 552, 558 (D. Kan. 2004).

[16] Because the Orders should be certified for appeal under Rule 54(b), it is unnecessary for the Court to consider the propriety of an appeal under § 1292. *See, e.g., Mayberry v. Johnson*, 2009 WL 211939 (D. Kan. Jan. 23, 2009).

**IT IS THEREFORE ORDERED** that Plaintiffs' motion requesting Rule 54(b) certification of the June 30 Order, or, in the alternative, permission to seek an interlocutory appeal of that Order (Doc. 366) is hereby GRANTED. The Court certifies its June 30 Order for appeal pursuant to Fed. R. Civ. P. 54(b).

**IT IS FURTHER ORDERED** that Defendants' motion seeking Rule 54(b) certification of the June 30, October 30, and April 8 Orders (Doc. 370) is hereby GRANTED. The Court certifies its October 30 and April 8 Orders for appeal pursuant to Fed. R. Civ. P. 54(b).

**IT IS FURTHER ORDERED** that Plaintiffs' motion to strike Defendants' expert report (Doc. 349) is hereby DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Defendants' motion to strike Plaintiffs' motion to strike (Doc. 351) is hereby DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated this 11th day of July, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE