**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **PERRY APSLEY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 05-1368-EFM |
| ) | |
| **THE BOEING COMPANY and SPIRIT** ) | |
| **AEROSYSTEMS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on two different (but related) motions to stay. First, five pro se plaintiffs move the court for (1) an order "staying proceedings" and (2) an order compelling their former attorneys to provide them with "all relevant discovery documents." (Doc. 387).[1] The remaining plaintiffs, represented by Lawrence W. Williamson, Jr. and Uzo L. Ohaebosim, also move for a stay of discovery related to the remaining individual claims pending rulings on their interlocutory appeal to the Tenth Circuit. (Doc. 400). Defendants oppose the pro se plaintiffs' request to compel *all* discovery documents, arguing that many of the discovery documents have no relevance to the pro se plaintiffs' individual claims. Defendants also object to a stay of "all" proceedings but agree that a stay of discovery is

---

[1] The five pro se plaintiffs are Henry F. Butler, Warren K. Pyles, Sharron James, Darlene Rozar, and David Clay. Their former attorneys are Lawrence W. Williamson, Jr., and Uzo L. Ohaebosim. Mr. Williamson and Mr. Ohaebosim represent the remaining named plaintiffs individually and are seeking class certification.

appropriate. For the reasons set forth below, the motions shall be **GRANTED IN PART** and **DENIED IN PART.**

With respect to the pro se plaintiffs' request to "stay proceedings," this court has no authority to issue orders concerning matters that are the subject of the interlocutory appeal.[2] However, there are a number of individual claims that have not been appealed. The court is persuaded that discovery should not proceed on the remaining individual claims pending rulings by the Tenth Circuit because a piecemeal approach to the individual claims at this time would be inefficient and counterproductive.

The pro se plaintiffs' request to compel their former attorneys to produce "all discovery" shall be denied because portions of defendants' discovery responses were the subject of a protective order that placed restrictions on the disclosure of the information. Equally important, the pro se plaintiffs have not demonstrated that *all* discovery documents are relevant to their remaining individual claims. Because the court is imposing a stay on discovery, the resolution of these discovery issues is unnecessary at this time.

**IT IS THEREFORE ORDERED** that the pro se plaintiffs' motion to "stay proceedings" **(Doc. 387)** is **GRANTED IN PART** and *discovery* in this case is stayed, consistent with the rulings herein. The pro se plaintiffs' motion to compel their former attorneys to produce all discovery materials is **DENIED.** The motion of the represented

---

[2] The interlocutory appeal divests this court of jurisdiction over the matters appealed to the Tenth Circuit.

plaintiffs to stay discovery pending rulings by the Tenth Circuit **(Doc. 400)** is **GRANTED.**

    **IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of February 2012.

                        S/ Karen M. Humphreys
                        _____
                        KAREN M. HUMPHREYS
                        United States Magistrate Judge