FOULSTON SIEFKIN LLP
1551 N. Waterfront Pkwy, Suite 100
Wichita, KS 67206
(316) 267-6371

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PERRY APSLEY, et al. )
)
                        Plaintiffs, )
)
v. ) Case No. 05-1368-EFM
)
THE BOEING COMPANY and )
SPIRIT AEROSYSTEMS, )
)
                        Defendants. )
)

**JOINT MOTION TO SEVER PLAINTIFFS HOUSLEY AND SMITH**

Plaintiffs Olivia J. Housley and Debra L. Smith and Defendants The Boeing Company and Spirit AeroSystems, Inc., jointly move the Court to sever the remaining individual claims of Plaintiffs Housley and Smith into two separate actions for the reasons stated below.

**FACTUAL BACKGROUND**

1. Plaintiffs Housley and Smith are named plaintiffs in this case, which included an ADEA collective action, individual and class ADEA pattern and practice claims, and other class claims, as well as other individual claims, including claims by some plaintiffs for disparate treatment based on age and for retaliation under Title VII and the ADA.

2. Among other things, this Court granted Defendants' motion for summary judgment as to all class claims, all individual claims for retaliation, and all individual age discrimination claims based on a pattern or practice or a disparate impact theory of liability.

1

[Docs. 222, 356.] The Court certified those rulings as final [Doc. 384], and the Tenth Circuit affirmed [Doc. 416-1].

3. This Court [Doc. 384, 2] and the Tenth Circuit, *Apsley v. The Boeing Co.*, 691 F.3d 1184, 1206 n.17 (10th Cir. 2012), acknowledged that the summary judgment rulings did not preclude certain plaintiffs from pursuing their individual disparate treatment ADEA claims.[1]

4. Plaintiffs Housley and Smith, who are no longer represented by class counsel and are instead represented by separate counsel, intend to litigate their individual disparate treatment ADEA claims against Defendants.

*Plaintiff Housley*

5. Boeing terminated Plaintiff Housley in conjunction with its sale of the assets of its Wichita Commercial Division, effective June 17, 2005.

6. At the time of her termination, Plaintiff Housley was 56 years old. She had been a salaried Level 3 Manufacturing Scheduler employee in Wichita, Kansas, in job code "DFKF" within the SHEA/Manufacturing Services organization. She had 26 years of service. Her direct supervisor was Mary Alumbaugh, and her second-level manager was Tom Brosius. [Housley Decl., ¶5.] Plaintiff Housley was represented at the time by the Wichita Technical and Professional Unit of the Society of Professional Engineering Employees in Aerospace union.

7. At the time of her termination, Plaintiff Housley was eligible to retire and she, in fact, has retired from Boeing.

8. In support of her claim for age discrimination, Plaintiff Housley claims, among other things, that Alumbaugh and Brosius made statements to her that she perceives as

---

[1] Some of the named and consent plaintiffs' individual ADEA claims were already dismissed for failure to exhaust administrative remedies [Docs. 222, 240, 286], and the Tenth Circuit affirmed [Doc. 416-1].

2

discriminatory, that she had a good work history void of discipline and replete with awards and commendations, and that she was improperly selected for termination under the seniority provisions of her bargaining unit's collective bargaining agreement with Boeing. [*See* Housley Decl., Doc. 328-1, ¶¶6-9.]

9. Plaintiff Housley recently represented that she is self-employed, receives a Boeing pension, and receives Social Security benefits. [Doc. 431, 4.]

*Plaintiff Smith*

10. Boeing terminated Plaintiff Smith in conjunction with its sale of the assets of its Wichita Commercial Division, effective June 17, 2005.

11. At the time of her termination, Plaintiff Smith was 43 years old. She had been an hourly Level 1 Helper Manufacturing employee in Wichita, Kansas, in job code "C3201" within the Structural Bond Fabrication organization. She had 13 years of service. Her direct supervisor was Gregory Holt, and her second-level manager was Lyle Gumfory. Plaintiff Smith was represented at the time by the International Association of Machinists union.

12. At the time of her termination, Plaintiff Smith was not eligible to retire and she has not retired from Boeing.

13. In support of her claim for age discrimination, Plaintiff Smith claims, among other things, that a Boeing director, Dana Smith made statements to her that she perceives as discriminatory, that she had a good work history void of discipline and replete with awards and commendations, that she was improperly selected for termination under the seniority provisions of her bargaining unit's collective bargaining agreement with Boeing, and that she was told after the divestiture that she was let go because of her "future skills." [*See* Smith Decl., Doc. 328-9, ¶¶5-9.]

14. Plaintiff Smith stated that she applied to "over 15 companies" for work following her termination and recently represented that she currently is "gainfully unemployed . . . without any significant source of income." [Doc. 432, 4.]

*Other Named and Opt-In Plaintiffs*

15. In addition to Plaintiffs Housley and Smith, 95 other named plaintiffs and approximately 700 consent plaintiffs were part of the ADEA collective action and potentially could elect to bring a disparate treatment age discrimination claim.[2] [Doc. 308, ¶189.]

16. Those 795 plaintiffs worked at three different Boeing locations in two states; were represented by five different unions, each with a distinct collective bargaining agreement, or were unrepresented by any union; worked in nearly 20 different director groups under more than 300 different first-level managers in a multitude of job positions across three different Boeing Divisions; include both hourly and salaried employees; left Boeing employment under a variety of circumstances over several months; and ranged in age (at the time of their separation of employment) from under 40 to 73 years old. [Doc. 308, ¶¶68-75.]

### ARGUMENT AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 21, the Court should sever Plaintiffs Housley and Smith into two separate actions because their disparate treatment claims are misjoined under Federal Rule of Civil Procedure 20 and because severing these plaintiffs will not prejudice them and will lead to more efficient management of this litigation.

**I.   Plaintiffs Housley and Smith Are Misjoined Plaintiffs.**

Plaintiff Housley's and Plaintiff Smith's remaining disparate treatment claims are misjoined with each other and with the other potential individual claims that remain in this case.

---

[2] Based on conversations with class counsel, Defendants anticipate that only a fraction of these plaintiffs (as many as 70 of the 700 consent plaintiffs) will pursue individual claims.

4

Under Rule 20, "[p]ersons may join in one action as plaintiffs" only if they satisfy two conditions: first, they must "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; <u>and</u> second, "any question of law or fact common to all plaintiffs [must] arise in the action." Fed. R. Civ. P. 20(a)(1).

The relief sought in employment discrimination cases does not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" when the plaintiffs "worked in a different capacity, in a different department, under different supervisors and offer[ ] different evidence of . . . discrimination." *Disparte v. Corp. Executive Bd.*, 223 F.R.D. 7, 15 (D.D.C. 2004). Parties likewise do not raise common question of law or fact merely because they assert "claims based upon the same general theories of law . . . ." *Smith v. N. Am. Rockwell Corp.— Tulsa Div.*, 50 F.R.D. 515, 524 (D. Okla. 1970); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) ("[T]he mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact."). For example, "[w]hether a defendant unlawfully discriminated against one plaintiff with respect to [an employment decision] in a given department is not common with the question whether defendant unlawfully discriminated against another plaintiff in a separate department." *Smith*, 50 F.R.D. at 524; *see also Cruz v. Bristol-Myers Squibb Co.*, No. 11-1617, ___ F.3d ___, 2012 U.S. App. LEXIS 22913 (1st Cir. Nov. 7, 2012) (affirming severance of ADEA plaintiffs' claims arising from a reduction-in-force because plaintiffs failed "to demonstrate that any common question of law or fact would arise"). The fact that a class-wide pattern or practice age discrimination claim has been dismissed on the merits is further evidence that the class-members' age-discrimination claims are factually distinct and not properly joined. *Barner v. City of Harvey*, No. 95-3316, 2003 U.S. Dist. LEXIS 5060, at

*11-14 (N.D. Ill. Mar. 31, 2003), *mtn. to certify den'd* at 2003 U.S. Dist. LEXIS 22843 (N.D. Ill. Dec. 18, 2003). *See also Disparte*, 223 F.R.D. at 15-16 (permitting joinder of two plaintiffs whose claims, together, "sufficiently allege[d] a pattern and practice of discriminatory behavior to satisfy both the transactional and the common question of fact tests to merit the presentation of their claims to a single jury").

In this case, Housley and Smith (and potentially other plaintiffs) assert individual, disparate treatment age discrimination claims based on their personal circumstances. As between Housley and Smith, the individualized nature of their claims is obvious: they worked in different departments, reported to different supervisors, were subject to different collective bargaining agreements and seniority provisions, were different ages with different levels of seniority at the time of their termination, claim to have heard different discriminatory statements made by different Boeing managers and directors, suggest that they should have been selected for continued employment at Spirit based on their individual work history and past accomplishments, and made different efforts to mitigate their damages (assuming any are proven). The individualized nature of these disparate treatment claims is even more pronounced in relation to the other plaintiffs. [*See, e.g.*, Doc. 308, 89-92 (explaining the individualized nature of the named and consent plaintiffs' ADEA claims and Defendants' defenses thereto).]

Plaintiffs Housley and Smith therefore do not satisfy either of the mandatory prongs for joinder under Rule 20.

## II. The Court Should Sever Plaintiffs Housley and Smith.

To remedy the misjoinder of Plaintiffs Housley and Smith and to litigate their claims most efficiently, the Court should sever Plaintiffs Housley and Smith and permit them to file amended complaints in two separate actions to assert their individual claims.

"[T]o remedy misjoinder, the court has two remedial options [under Rule 21]: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately." *Nasious v. City & County of Denver*, 415 Fed. Appx. 877, 881 (10th Cir. 2011) (quotations and alterations omitted); *see also* Fed. R. Civ. P. 21. When parties are "dropped" pursuant to Rule 21, "the statute of limitations is not tolled." *Nasious*, 415 Fed. Appx. at 881. By contrast, when a party is "severed" pursuant to Rule 21, "the statute of limitations [is] held in abeyance, and the severed suits proceed[ ] so long as they initially were filed within the limitations period." *Id.* (quotations and alterations omitted). In other words, "[s]everance . . . preserve[s] the filing date of the original complaint and avoid[s] any statute of limitations concerns." *Id.*

Courts routinely sever plaintiffs with separate, individual claims—including claims initially brought in class action litigation—requiring the severed plaintiffs to file new complaints and to pay the requisite filing fee. *See*, *e.g.*, *Morales v. Stevco, Inc.*, No. 1:09-00704, 2012 U.S. Dist. LEXIS 68640, at *5-6 (E.D. Cal. May 16, 2012) (explaining that court had severed claims and required plaintiffs "to file amended pleadings . . . to effectuate the severance"); *Lynch v. Am. Family Mut. Ins. Co.*, No. 2:10-00962, 2010 U.S. Dist. LEXIS 116940, at *6 (D. Nev. Oct. 12, 2010) (severing plaintiffs and requiring them to file new complaints and pay the filing fee within two weeks); *Oreo Debris, Inc. v. Ashbritt, Inc.*, No. 1:07-94, 2009 U.S. Dist. LEXIS 58377, at *4-5 (S.D. Miss. May 20, 2009) (severing plaintiffs, directing clerk to assign separate case numbers for each plaintiff and to copy the existing docket into the new case numbers, and requiring plaintiffs to file separate complaints and to pay the filing fee within 30 days); *Fox v. Tyson Foods, Inc.*, No. 4:99-1612, 2006 U.S. Dist. LEXIS 97723, at *24 (N.D. Ala. Nov. 15, 2006) (severing claims, ordering clerk to copy complaint and answer into new dockets for each

7

severed plaintiff, and requiring payment of filing fee within one month); *Cockrell v. Wyeth*, 325 F.Supp.2d 540 (E.D. Pa. 2004) (holding that 28 U.S.C. § 1914 <u>required</u> severed plaintiffs to pay filing fee); *DIRECTV v. Loussaert*, 218 F.R.D. 639, 643 (S.D. Iowa 2003) (severing action and requiring payment of filing fees).

The procedural posture in *Barner* is nearly identical to this case. In *Barner*, plaintiffs brought a class-wide pattern and practice employment discrimination claim and individual claims, among others, for employment discrimination. 2003 U.S. Dist. LEXIS 5060, at *4-5. The court subsequently entered judgment in favor of defendants on all pattern and practice claims. *Id.* at *5. On defendants' motion, the court then severed the plaintiffs' individual claims, requiring them to "file individual complaints in their own respective names."[3] *Id.* at *16.

Similarly, here, the Court should sever Plaintiffs Housley and Smith to allow them to pursue their own, independent claims. Plaintiffs will not be prejudiced because severance protects the original filing date for statute of limitations purposes. Instead, severing these claims will prevent the prejudice to Plaintiffs Housley and Smith and to Defendants that would likely occur if their claims are tried with each other or with the remaining named and opt-in plaintiffs, because it would be difficult for jurors to keep separate the evidence related to the claims or defenses applicable to only one party. e.*g.*, *Disparte*, 223 F.R.D. at 15 (noting the risk that jurors would "commingle[ ]" the testimony of the various supervisors who each would testify only as to the plaintiff under their supervision). And, in light of the unique facts and circumstances that must be explored through discovery and presented to the fact-finder, it would be unwieldy and inefficient to litigate Plaintiff Housley's and Plaintiff Smith's claims together or with all of the

---

[3] Two of the plaintiffs whose terminations were factually related remained joined. *Id.* at *16. Nineteen of the putative class members subsequently filed a joint action. *Brewton v. City of Harvey*, 285 F. Supp. 2d 1121 (N.D. Ill. 2003). Consistent with the original *Barner* decision, the court ordered that those plaintiffs' claims be severed and be filed separately. *Id.* at 1128.

remaining plaintiffs' claims. *See Lynch*, 2010 U.S. Dist. LEXIS 116940, at *5-6 ("Even if Plaintiffs' cases were not severed, the Court would still have to give each claim individualized attention, essentially requiring the Court to hold seven trials in one. Therefore, multiple separate lawsuits would be preferable and more fair than one convoluted lawsuit and would better serve the purpose of Rule 20" (quotations, alterations, and citations omitted).); *Oreo Debris*, 2009 U.S. Dist. LEXIS 58377, at *4 ("Although severing the claims will result in a greater number of trials, severance will allow the Court to better manage and resolve the individual claims of the Plaintiffs.").

## CONCLUSION

Plaintiffs Housley and Smith are misjoined in this litigation. The Court therefore should sever Plaintiffs Housley and Smith; order the Clerk to create a new docket number and to copy over the operative complaint and answer [Docs. 241 and 244]; and allow Plaintiffs Housley and Smith to file amended complaints stating their individual claims and to pay the respective filing fees within 30 days of the Court's order on this motion.

Respectfully submitted,


FOULSTON SIEFKIN LLP
1551 N. Waterfront Pkwy, Suite 100
Wichita, KS 67206

**/s/ *Trisha A. Thelen*** 
  James M. Armstrong, #09271
    jarmstrong@foulston.com
  Trisha A. Thelen, #12418
    tthelen@foulston.com
  Todd N. Tedesco, #15652
    ttedesco@foulston.com
  Telephone:  (316) 267-6371
  Facsimile:  (316) 267-6345
    *Attorneys for Defendants*

*and*

YOUNG, BOGLE, MCCAUSLAND,
WELLS & BLANCHARD, P.A.
One Main Place
100 North Main, Suite 1001
Wichita, Kansas 67202-1322
Telephone: (316) 265-7841
Facsimile: (316) 265-3956

**/s/  *Paul S. McCausland*** 
  Paul S. McCausland, KS #08878
    P.Mccausland@youngboglelaw.com
    *Attorneys for Plaintiffs Olivia J. Housley*
    *and Debra L. Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2012, I electronically filed the foregoing **Joint Motion to Sever Housley and Smith** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Lawrence W. Williamson, Jr.
Williamson Law Firm, LLC
l.williamson@williamsonfirm.com

Paul S. McCausland
Young, Bogle, McCausland, Wells & Blanchard, PA
P.Mccausland@youngboglelaw.com

and a copy via U.S. mail to:

| | |
|---|---|
| James Bowmaker<br>6545 Ward Parkway<br>Wichita, KS  67217 | Warren Pyles<br>14058 SW 50th<br>Benton, KS  67017 |
| Henry F. Butler<br>4119 Brooks St.<br>Wichita, KS  67220 | Darlene E. Rozar<br>3141 S. Illinois Circle<br>Wichita, KS  67217 |
| David L. Clay<br>1509 N. Andover Road<br>Andover, KS  67002 | James Walker<br>426 Archer Drive<br>Andover, KS  67002 |
| Throma A. Dyas<br>1906 N. Tallyrand St.<br>Wichita, KS  67206 | Roy T. Wells<br>2412 N. Gentry<br>Wichita, KS  67220 |
| Sharron N. James<br>4919 E. 10th<br>Wichita, KS  67208 | |

                                             **/s/  Trisha A. Thelen**
                                               Trisha A. Thelen, #12418