# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PERRY APSLEY, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE BOEING COMPANY and SPIRIT )<br>AEROSYSTEMS, )<br>)<br>Defendants. )<br>) | Case No. 05-1368-EFM |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to sever the individual ADEA disparate treatment claims of 87 named plaintiffs represented by Lawrence Williamson, Jr. (Doc. 468).

In accordance with this court's previous order (Doc. 475), on May 22, 2013, the parties provided a written report encompassing counsel's views on remaining discovery issues, the methods by which the parties plan to pursue discovery, and a suggested schedule for completion. Based on that report, it appears that the parties have communicated effectively regarding case management, despite their acknowledgement that they continue to disagree on whether severance of plaintiffs' claims is appropriate.

Severance is discretionary under Fed.R.Civ.P. 21.[1] Rule 21 should be read in conjunction with Fed.R.Civ.P. 42 permitting consolidation of cases.[2] Unlike the previously severed parties, the remaining 87 plaintiffs share common legal counsel, and the parties have worked together to formulate a workable discovery plan. Proceeding in this fashion will expedite case management and avoid needless duplication of efforts and additional expenses. For ease of discovery, and administrative and case management purposes, the defendants' motion is denied without prejudice to future re-filing.[3]

**IT IS THEREFORE ORDERED** that defendants' motion **(Doc. 468)** to sever the 87 plaintiffs' remaining individual ADEA claims is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 15th day of July 2013.

          S/ Karen M. Humphreys
          KAREN M. HUMPHREYS
          United States Magistrate Judge

---

[1] *See, e.g.*, *Wagoner v. Pfizer, Inc.*, 07-1229-JTM, 2008 WL 2937249 (D. Kan. July 24, 2008)(citing *K–B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1153 (10th Cir.1985)).

[2] *See Biglow v. Boeing Co.*, 201 F.R.D. 519, 521 (D. Kan. July 3, 2001.)

[3] *See Wagoner v. Pfizer, Inc.*, 07-1229-JTM, 2008 WL 2937249 (D. Kan. July 24, 2008) (noting, "The parties may raise this issue in connection with the final pretrial conference, an approach other courts have adopted.")(citing *e.g., Spring Comm. v. Theglobe.com, Inc .,* 233 F.R.D. 615, 618 (D.Kan.2006)).