# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PERRY APSLEY, et al., *Plaintiffs,* vs. THE BOEING COMPANY, *et al.*, *Defendants.* | Case No. 05-1368 |

**MEMORANDUM AND ORDER**

Baseball great and American icon Yogi Berra famously asserted that "it ain't over 'til it's over." Plaintiffs assert that this case certainly is not over, and the ongoing filings both here and in the plethora of cases sired by this seminal case give merit to their assertion. Defendants, however, contend that the claims and parties addressed by this Court's earlier grant of summary judgment, and by the Tenth Circuit's affirmance of that order, clearly establish a finality that shows, as to those claims and parties, that it's over. Whether anything is "over" in this case is the foundational matter the Court must address, before moving on to the more prosaic questions surrounding Defendant's Bill of Costs.

## I. Factual and Procedural Background

This complex and multi-faceted case began when The Boeing Company sold its assets and operations in Wichita, Kansas and related locations to the newly formed Spirit AeroSystems, and Spirit hired some but not all of the employees who had worked at Boeing. The excluded, or non-hired, Boeing employees filed numerous claims against Boeing and Spirit. After an initial order granting judgment on the pleadings as to some claims, Plaintiffs had claims remaining under § 510 of the Employment Retirement Income Security Act ("ERISA"); under § 301 of the Labor Management Relations Act ("LMRA"); under the Age Discrimination in Employment Act ("ADEA"); under Title VII of the Civil Rights of 1964 ("Title VII"); and under the Americans with Disabilities Act ("ADA"). In 2007, the Court granted Defendants' motion for summary judgment on the retaliation claims under Title VII and the ADA, as well as on the ADEA claims occurring prior to January 1, 2005.[1] In 2010, the Court granted Defendants' motion for summary judgment on the ERISA claim, on Plaintiffs' pattern or practice of intentional age discrimination collective action disparate treatment claim, on Plaintiffs' disparate impact claims under the ADEA, and on one of Plaintiffs' claims under LMRA, involving the Collective Bargaining Agreement.[2] As a result of these orders, one claim remains – individual claims of disparate treatment based on age in violation of ADEA.

After denying Plaintiffs'[3] motion for reconsideration,[4] the Court granted the separate motions filed by Plaintiffs and Defendants, both seeking certification under Fed. R. Civ. P. 54(b)

---

[1] More complete factual details are set forth in the Court's Memorandum and Order at Doc. 222.

[2] More complete factual details are set forth in the Court's Memorandum and Order at Doc. 356.

[3] There were approximately a hundred plaintiffs in this case. Initially, all were represented by the same counsel. Late in the process, a few plaintiffs selected other counsel or elected to proceed *pro se*. And, pursuant to the rulings in this case, some separate cases have been filed. Throughout this Order, the Court will refer to the large

directing entry of final judgment on fewer than all of the claims or parties.[5] The Court found that its above orders were final, and disposed of claims that were separate and distinct from any remaining claims in that they turned on different factual questions, involved different legal issues, and allowed for separate recovery. The Court further found that no just reason for delay existed. Accordingly, an appeal was docketed. The Tenth Circuit affirmed.

Shortly after the mandate was docketed, Defendants filed their Bill of Costs.[6] Defendants claimed costs of $53,552.06 for transcripts and $773.96 for printing; for total costs of $54,326.02. Defendants' Memorandum in Support of their Bill of Costs[7] asserted that they were the prevailing party, and that Fed. R. Civ. P. 54 creates a presumption that costs will be awarded to the prevailing party, a presumption that fully applies to class actions. While acknowledging that some of the deposition testimony for which costs were claimed might also become relevant to the remaining individual claims, Defendants asserted that the depositions were nevertheless "reasonably necessary" for the claims which had been decided in their favor, and thus were appropriately taxable.

"Not so fast," Plaintiffs responded. Their Objections to Defendants' Bill of Costs[8] raised four objections. First, they objected that Defendants failed to follow the Court's local rule[9] that the memorandum in support of costs must state that reasonable efforts have been made in

---

group represented by original counsel simply as "Plaintiffs," and when referring to Plaintiffs not represented by such counsel will refer to them by name.

[4] Doc. 365.

[5] Doc. 385.

[6] Doc. 417.

[7] Doc. 418.

[8] Doc. 421.

[9] D. Kan. Rule 54.1(a)(2)(D).

conference to resolve disputes with the opposing party regarding costs. Plaintiffs asserted that Defendants' memorandum contained no such statement, because Defendants made no such effort, and failure to do so requires that their costs be denied. This objection may be quickly disposed of; not only do Plaintiffs' cited authorities not stand for the proposition cited (they involved situations where a bill of costs had not yet been filed, or where pending motions precluded a determination that judgment was final; not cases denying costs for failure to consult), but Defendants have demonstrated that they reached out to Plaintiffs for this very purpose, and that no consultation occurred because Plaintiffs did not respond to their inquiries.

Secondly, Plaintiffs assert that the prerequisites of this local rule have not been met, and the request for costs is thus premature, because the action on appeal has not been terminated. Indeed, Plaintiffs' assert, "the case is very well alive."[10] This second objection is closely related to their third objection, that Defendants are not the prevailing party, as claims are still pending and it is too early for the Court to determine who the prevailing party is. Plaintiffs may ultimately succeed on their remaining claims, which are based on the same factual predicate as the claims which have been adjudicated, they assert. This argument is difficult to reconcile with the Rule 54(b) certification, however. In requesting the same, Plaintiffs argued to this Court that:

> Furthermore, the Order at issue provided a decision on real and cognizable claims for relief and is an ultimate disposition of individual claims entered in the course of a multiple claims action. Indeed, the court's summary judgment findings, and the Order denying Plaintiffs' Motion for Reconsideration, clearly show that the ADEA and ERISA pattern and practice claims have been ultimately disposed of as well as the ERISA and LMRA claims presented to the court. There are no other steps plaintiffs can take to revive the claims. Therefore, it is clear the court has provided an ultimate disposition on individual claims in a multiple claim case. It is equally clear that the disposed claims are separable and suitable for Rule 54(b) certification.[11]

---

[10] Doc. 421, p. 3.

[11] Memorandum in Support of Plaintiffs' Motion for Rule 54(b) Certification or in the Alternative Petition for Permission to Seek Interlocutory Appeal, Doc. 367, pp. 6-7.

In granting Plaintiffs' (and Defendants') motion for Rule 54(b) certification, the Court found that these orders were final, and that "each of the claims disposed of are separate and distinct from any remaining claims, as they turn on different factual questions, involve different legal issues, and allow for separate recovery.[12] By hearing and deciding the appeal, the Tenth Circuit implicitly affirmed that this Rule 54(b) certification was appropriate. Plaintiffs' assertions, therefore, that Defendants have not prevailed on "wholly separate claims"[13] is incorrect.

Plaintiffs' fourth objection to Defendants' bill of costs is more of a plea to the Court to deny costs for equitable reasons than it is an objection to the costs *per se*. Citing *Rodriguez v. Whitting Farms, Inc.*,[14] Plaintiffs' argue that the costs may be denied to a prevailing party when issues in the case are difficult and close. That case actually held, however, that even though the plaintiff was indigent, and that it presented close and difficult questions, there was no reason that the defendant should be penalized by reducing the award of costs.[15] Plaintiffs also assert that it may be appropriate to deny costs where a case presents issues of great public importance. The Court need not decide whether that is correct, however, since despite Plaintiffs' best efforts to show otherwise, the Court is by no means persuaded that this case presented issues which were important to the public. The Court is not persuaded that this case is an appropriate one in which to exercise its discretion to penalize the prevailing party by declining to award costs.

---

[12] Doc. 385, p. 4.

[13] Plaintiffs cite *Aerotech Resources, Inc., v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 663 (D. Kan. 2005) for the proposition that where each party is successful (as Plaintiffs argue may happen, if they prevail on the remaining, individual claims), costs should be denied altogether; the sole exception being where defendants prevail on "wholly separate claims." Plaintiffs' Objections to Defendants' Bill of Costs, Doc. 421, pp. 4-5.

[14] 360 F.3d 1180, 1190 (10th Cir. 2004).

[15] *Id.*

Accordingly, the Court overrules Plaintiffs' objections to the propriety of awarding costs in this case.

Plaintiffs Olivia Housley and Debra Smith filed separate objections to Defendants' Bill of Costs. In separate but identical pleadings,[16] they move to join in the objections of the Plaintiffs, which are discussed above. That motion is granted. They further aver that they were never advised they could potentially be found liable for court costs if their claims were unsuccessful. They claim that they do not have the means to pay an award of costs, offering to provide the Court with a financial statement if necessary. Similar to the other Plaintiffs, they also argue that Defendants are not prevailing parties. They ask the Court to exercise its discretion to deny costs. They note that the Tenth Circuit has permitted district courts discretion to deny otherwise recoverable costs if the prevailing party was only partially successful, damages only nominal, costs unreasonably or unnecessarily high, recovery insignificant, or issues difficult.[17] It is unreasonable, they assert, to award judgment against them for the total costs. Lastly, they complain that prior counsel has denied them access to the depositions and exhibits for which costs are being claimed, denying them a meaningful opportunity to object to the same, and move for production of supporting documents for items to be taxed, and for 30 days after such production to file any further objections to Defendants' Bill of Costs.

The Court has already addressed arguments that Defendants are not prevailing parties because there is not yet a final judgment in this case. Regarding Housley and Smith's complaints of surprise, that they might be exposed to payment of unanticipated costs, the Court cannot find that such complaints permit relief from joint and several liability for costs. The

---

[16] Docs. 429 and 430.

[17] In support of this proposition they cite *In re Williams Security Litigation – WBC Subclass*, 558 F.3d 1144, 1150-51 (10th Cir. 2009).

presumption is that prevailing parties are entitled to their costs, even in class actions.[18] While not unsympathetic to their pleas of indigence, and while noting that indigent status is a circumstance upon which a district court may rely to exercise its discretion to deny costs to a prevailing party,[19] that status standing alone is probably insufficient for such an order. The presumption under Rule 54[20] is that costs will be awarded to the prevailing party, and the burden is on the non-prevailing party to overcome the presumption.[21] If a district court determines that the presumption has been overcome and denies costs to the prevailing party, "it must provide a valid reason for the denial."[22] Moreover, Housley and Smith have not demonstrated to the Court that they actually are indigent, other than offering to provide financial statements if requested. The burden is on them to demonstrate that they are "incapable of paying the court-imposed costs at this time or in the future."[23] They have made the briefing the rules allow them, and no such showing has been made or attempted.

While there are other reasons the law provides for which a court may decline to award costs to the prevailing party, as Housely and Smith correctly note, none of those reasons apply here. Specifically, the Court does not find that their allegations of partial success, or difficulty or uniqueness of the issues presented (which was also discussed above) support an exercise of the Court's discretion to decline to award costs. And while Defendants may not be directly seeking

---

[18] *Id*. (citing *White v. Sundstrand Corp.*, 256 F.3d 580, 585-86 (7th Cir. 2001)).

[19] *Rodriquez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

[20] Fed. R. Civ. P. 54.

[21] *Rodriguez*, at 1190 (citations omitted).

[22] *Id.* In that case, the Tenth Circuit held that it was not an abuse of discretion for the district court to award costs to the defendant, despite the indigence of the non-prevailing party, where no reason was offered by the non-prevailing party why the prevailing party should be penalized by denying it costs.

[23] *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 902 (D. Kan. 2007) (citing *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)).

to impose all costs against Housely or Smith alone (and are very unlikely to seek to collect the full joint and several judgment against them alone), the ordinary rule is that plaintiffs such as these are ordinarily jointly and severally liable for the costs.[24]

Housely and Smith complain about their regarding difficulties in obtaining discovery from prior counsel, and seeking an order that either prior counsel or Defendants who seek to tax costs produce those documents to their counsel. They further request that they be given 30 days from the date of such production in which to file objections to the Bill of Costs. To the extent that Housley's and Smith's current counsel is unable to obtain deposition transcripts or exhibits relating to their case from prior counsel, the Court orders that their prior counsel produce or make such items available to them. The Defendants are not obligated to produce, or re-produce, such documents to these plaintiffs, and so the Court denies that portion of their motion. The Court also denies their request for an additional 30 days from such production in which to file further objections here, as it is not necessary to decide objections relating to the Bill of Costs (the Court notes that during the time these costs were incurred, Housley and Smith were represented by the same counsel the remainder of the Plaintiffs are represented by; the counsel who filed these objections).

Finally, it has been suggested that a more appropriate timing of awarding costs would be to await the resolution of the numerous individual cases spawned from them. The Court cannot agree. First, while opt-in plaintiffs in this case were numerous, it appears (after the passage of more than adequate time) that the number of individual cases which will be separately prosecuted will be much smaller. Moreover, it is likely that those cases will resolve (whether for or against such individual plaintiffs) at very different times. To postpone an award of costs until

---

[24] *White*, at 585.

the final resolution of the last of such cases, and attempt then to make a joint and several judgment against these Plaintiffs, netted against any costs which be awarded in favor of some of the Plaintiffs, would be highly inefficient. If some or all of the individual cases are resolved in plaintiff's favor, as they may well be, then the prevailing plaintiffs at that time may seek an award of their costs properly incurred in prevailing. It would be unwieldy to delay this reckoning.

The Court also notes that *pro se* plaintiffs Henry Butler, Sharron James, Warren Pyles, Darlene Rozar, and David Clay have filed separate but identical responses objecting to Defendants' Bill of Costs.[25] These plaintiffs were also represented by the same counsel as the remainder of the Plaintiffs during the time these costs were incurred. These separate but identical responses do not raise any issues regarding the Bill of Costs which have not already been addressed, and so need no further discussion.

Accordingly, the Court overrules all Plaintiffs' objections (including the separately filed objections of Housley, Smith, Butler, James, Pyles, Rozar and Clay) that awarding costs at this time is premature, and proceeds to examine the Bill of Costs submitted by Defendants. D. Kan. Rule 54.1 requires that the party seeking costs file a bill of costs and a memorandum in support thereof, and that after appropriate responses and replies are filed, the clerk of the court will tax costs. If an aggrieved party files a motion for review of the costs taxed by the clerk, then the court shall review them. That procedure has not been followed in this case. Because the nature of the objections filed to the Defendants' Bill of Costs primarily raised issues which the clerk of the court could not address – i.e., whether there was a final judgment and a prevailing party which made the award of any costs at this time appropriate – the clerk deferred this matter to the

---

[25] Docs. 444, 445, 446, 447 and 448.

Court. The parties' briefing on this matter, however, also addressed substantive objections to the items claimed in the Bill of Costs, and in the interests of judicial economy the Court will address them as well.

Defendants' Bill of Costs is really quite simple. It seeks $53,552.06 in fees for printed or electronically recorded transcripts necessarily obtained for use in this case; and $773.96 for fees and disbursements for printing. Defendants' Memorandum in Support of its Bill of Costs[26] explains that its incurred $48,118.66 in costs for stenographic and video deposition transcripts of 26 named plaintiffs and 8 consent plaintiffs. Defendants assert that these transcripts were necessary for use in this case, as evidenced by the fact that Plaintiffs themselves used 26 of these 34 depositions in their class certification or summary judgment briefing, identified 27 of the deponents in their discovery answers or related correspondence as individuals who had specific information or claims Plaintiffs intended to present to the Court, and explicitly referenced 10 of these 34 deponents in their briefing.

Specifically, Defendants' counsel's Declaration submitted in support of its Bill of Costs[27] avers that there were 100 named plaintiffs in this case, and approximately 700 individuals filed consents to join the ADEA collective action. In response to request to narrow the list to those that would be used to support Plaintiffs' motions, an initial list of 65 witnesses was provided. A second list of a similar number, but containing some different names, was later sent. Defendants claim they considered these names in deciding who to depose, along with three names not identified on these lists[28] to ensure a broad range of witnesses from different work areas, and from the director groups as identified by Plaintiffs' expert Dr. Charles Mann. Defendants note

---

[26] Doc. 418.

[27] Exhibit 1 to Doc. 418.

[28] William Edwards, David Franz, and Robert Winkler.

that when video depositions were taken, a stenographic record was also made primarily for briefing purposes. Defendants assert that both video and stenographic costs are taxable.

Defendants also seek to tax costs incurred of $3,201.55 for printed transcripts of two expert witnesses designated by Plaintiffs in this case. Both experts were relied upon by Plaintiffs in their briefing.

Defendants seek to tax costs incurred of $2,231.85 for printed transcripts of six witnesses designated by Defendants. These witnesses were deposed by Plaintiffs and cited in Plaintiffs' class certification briefing (all six), or in other certification or summary judgment briefing by Plaintiffs (five of the six).

Finally, Defendants seek to tax costs incurred of $773.96 to obtain copies from the EEOC under the Freedom of Information Act, of files related to approximately 120 named, consent and potential consent plaintiffs' administrative charges. Defendants report that the EEOC's response required payment to a third party vendor. Defendants argue that since Plaintiffs were required to exhaust administrative remedies prior to bringing many of its claims, it was reasonably necessary for Defendants to obtain these copies for failure-to-exhaust defenses raised in their successful motion for partial summary judgment.[29]

Plaintiffs' objections to the Bill of Costs are primarily directed to matters other than the actual costs included. Those objections have been addressed above. As to the particular items addressed, Plaintiffs sole objection is that Defendants are not entitled to costs for both video and written transcripts, as the current language of the statute allows costs for the video or the printed

---

[29] See Defendants' Motion at Doc. 189, its Memorandum in Support, which cites these records, at Doc. 190, and the Court's Order granting the motion at Doc. 222.

transcript, but not both. Plaintiffs cite decisions from the Eastern District of Pennsylvania in support of their position,[30] but note that this Court has held otherwise.[31]

Pursuant to 28 U.S.C. § 1920(2), the court may tax as costs, among other items, fees for transcripts necessarily obtained for use in the case, and fees and disbursements for printing. A deposition might be necessarily obtained for use in a case if it appeared reasonably necessary at the time the cost was incurred, even if it is ultimately not used to support, or defend against, a dispositive motion.[32] "As long as the taking of the deposition appeared to be reasonably necessary at the time it was taken, barring other appropriate reasons for denial, the taxing of such costs should be approved."[33] The "necessarily obtained for use in the case" standard of the statute does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court.[34] But materials may be taxable even if not "strictly essential" to resolution of the case; "if deposition transcripts or copies were 'offered into evidence,' were 'not frivolous,' and were 'within the bounds of vigorous advocacy,' costs may be taxed."[35] "Necessarily obtained for use in the case" is not determined in hindsight, but "on the particular facts and circumstances at the time the expense was incurred."[36]

---

[30] *Stevens v. D.M. Bowman, Inc.*, 2009 U.S. Dist. LEXIS 3065, at *12 (E.D. Pa. Jan. 15, 2009), and *Wesley v. Dombrowski*, 2008 U.S. Dist. LEXIS 49544, at *10 (E.D. Pa. June 25, 2008).

[31] *Higgins v. Potter*, 2011 WL 3667097, at 2 (D. Kan. 2011).

[32] *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1339-40 (10th Cir. 1998).

[33] *Allisson v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002).

[34] *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988).

[35] *In re Williams Securities Litigation*, 558 F.3d at 1148 (10th Cir. 2009) (citations omitted).

[36] *Id.*

As noted, Plaintiffs' only stated objection to the costs claimed by Defendants is to the inclusion of both stenographic and video costs for the same deposition. In *Higgins v. Potter*,[37] this Court noted that the Tenth Circuit had previously held that a prevailing party may recover both costs of videotaping and of transcribing depositions when both were necessarily obtained for use in the case.[38] However, thereafter, 28 U.S.C. § 1920(2) was amended, and it now provides that among the costs which may be taxed are: "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" The *Higgins* decision noted that some courts have strictly interpreted the use of the word "or" to mean that either printed or electronically recorded transcripts, but not both, may be taxed. However, it noted that the majority of district courts interpreting this new language have seen it as "merely a recognition by Congress that depositions can be recorded by both stenographic and non-stenographic means rather than a limitation on the scope of taxable costs."[39] It further found that such an interpretation was consistent with the rationale of the Tenth Circuit applying the earlier version of the law, and predicted that it would reach the same result if called upon to apply the current version of the statute. That ruling and rationale apply here in full force, and are adopted. Therefore, this objection is overruled.

However, it is within the Court's discretion to determine whether a party requesting an award of costs has provided an adequate explanation for the necessity of the expenses claimed,[40] and the Court considers this true without regard to whether the non-prevailing party has made a specific objection to those costs. On review of the costs claimed by Defendants, the prevailing

---

[37] 2011 WL 3667097.

[38] *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997).

[39] *Higgins*, at *2 (citations omitted).

[40] *Allison*, 289 F.3d, at 1249.

party, the Court does not find that Defendants have provided an adequate explanation for taxing the costs of William Edwards, David Franz, and Robert Winkler. Plaintiffs identified numerous individuals upon whose testimony it would rely for its case, and Defendants deposed numerous individuals. The depositions for which Defendants claim costs were generally either of witnesses identified by Plaintiffs, or of named Plaintiffs. Edwards, Franz and Winkler, however, were neither so identified by Plaintiffs, nor were they named Plaintiffs. To go beyond the rather lengthy list of witnesses identified, or of named Plaintiffs, and justify taxing costs for additional deponents, Defendants would need to provide an adequate explanation of the necessity of doing so. The Court finds that Defendants' explanation regarding these three individuals was not adequate, and denies the costs for these three individual's depositions. According to Attachment D to Exhibit 1 to Defendants' memorandum in support of their Bill of Costs,[41] the total costs claimed with respect to the depositions of these three individuals were $3,900.53. That amount of costs is denied.

The Court approves all other expenses. The other plaintiff witnesses were either named Plaintiffs or identified and relied upon by the Plaintiffs. The six lay witnesses and the two experts were also identified and relied upon by Plaintiffs. The administrative file was used by Defendants successfully in their partial motion for summary judgment regarding exhaustion of administrative remedies. These expenses, totaling $50,425.49 were all appropriately taxed as costs.

**IT IS THEREFORE ORDERED** that Housely and Smith's Motions (Doc. 431 and 432) are **GRANTED IN PART** and **DENIED IN PART**.

---

[41] Doc. 418.

**IT IF FURTHER ORDERED** that Defendants' Bill of Costs (Doc. 417) is allowed in the amount of $50,425.49 and denied as to the balance claimed, $3,900.53.

**IT IS SO ORDERED**.

Dated this 26th day of August, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE