# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PERRY APSLEY, et al., <br><br> *Plaintiffs,* <br><br> vs. <br><br> THE BOEING COMPANY, *et al.*, <br><br> *Defendants.* | Case No. 05-1368 |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Order (Doc. 442). Plaintiffs' motion seeks a determination regarding (1) whether the single-file rule excuses former consent plaintiffs from individually exhausting administrative remedies; and (2) whether an ADEA collective action tolls the deadlines for a consent plaintiff to file an administrative charge or lawsuit. Plaintiffs also request that the Court equitably toll this limitations period for ninety days following the resolution of this motion. For the reasons stated herein, the Court finds that Plaintiffs' limitation period was tolled only while class claims were pending, that the single-filing rule is unavailable to Plaintiffs, and that Plaintiffs are not entitled to equitable tolling.

## I.     Factual and Procedural Background

This complex and multi-faceted case began when The Boeing Company sold its assets and operations in Wichita, Kansas, and related locations to the newly-formed Spirit AeroSystems, and Spirit hired some but not all of the employees who had worked at Boeing. The excluded, or non-hired, Boeing employees filed numerous claims against Boeing and Spirit. The named plaintiffs brought numerous claims for class-wide relief under the collective action provisions of the Age Discrimination in Employment Act ("ADEA"), based on pattern-and-practice and disparate-impact theories of liability. The Court conditionally certified those claims, and nearly 700 plaintiffs opted in. In 2010, however, the Court granted summary judgment on plaintiffs' ADEA claims.[1]

As a result of the Court's prior orders in this case, only one claim remains – individual claims of disparate treatment based on age in violation of ADEA. Because of its resolution of these claims on the merits, the Court did not directly address Defendants' motion to decertify the collective action. The Court certified its rulings as final, concluding that the adjudicated claims were separate and distinct from the remaining individual disparate-treatment ADEA claims that the named class representatives brought on their behalves. Counsel for these plaintiffs now seeks judicial guidance regarding the application of the single-file rule and the statute of limitations to these remaining plaintiffs, whose individual claims turn on facts unique to each.

---

[1] More complete factual details are set forth in the Court's Memorandum and Order at Doc. 356.

## II. Discussion

**A. Plaintiffs' Limitations Periods to File an Administrative Charge or a Subsequent Lawsuit Were Only Suspended During the Pendency of their Class Claims.**

It is well-established that ADEA plaintiffs must first exhaust administrative remedies by filing a charge within 300 days of the alleged discriminatory conduct.[2] This 300-day period begins to run when the plaintiff first receives notice of an adverse employment action.[3] Any subsequent civil action asserted by an individual must be filed at least sixty days after filing the administrative charge, but within ninety days after receiving notice of dismissal or termination of the charge from the EEOC.[4] If a plaintiff fails to observe these requirements, the claims are barred.[5]

Under the Supreme Court's decision in *American Pipe & Construction v. Utah*,[6] these filing periods are subject to tolling for individual plaintiffs who timely file a class action. The tolling doctrine under *American Pipe* was established to preserve judicial economy in class actions.[7] Because this policy is no longer relevant when a court denies class certification, the Supreme Court held in *American Pipe* that such tolling ceases when a court issues an order decertifying a class.[8]

Here, the parties appear to agree that the individual Plaintiffs' filing periods were tolled during the pendency of the class action in this case. Plaintiffs argue that the tolling period

---

[2] *See* 29 U.S.C. § 626(d).

[3] *Daniels v. United Parcel Serv., Inc.*, 797 F. Supp. 2d 1163, 1182 (D. Kan. 2011) (quoting *Davison v. Am. Online, Inc.*, 337 F.3d 1179, 1187 (10th Cir. 2003)).

[4] *See Chardon v. Fernandez*, 454 U.S. 6, 8 (1981).

[5] *See id.*; *Daniels*, 797 F. Supp. 2d at 1183.

[6] *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 560 (1974).

[7] *See id.* at 543-44.

[8] *Id.*

remains in effect because the Court never formally entered an order decertifying the class, but instead shattered the class by granting summary judgment on all class claims. Defendants, however, suggest that the tolling period expired when the Court granted summary judgment on all class claims.

While *American Pipe* held that the tolling period expires upon decertification, its progeny focus less on decertification specifically, and instead emphasize the point in time when tolling no longer serves the purposes of class treatment under Rule 23. Several cases from across the country have held that the tolling period expires upon a district court order that (1) denies class certification or decertifies a class;[9] (2) excludes an individual plaintiff from a certified class;[10] or (3) grants summary judgment on all class claims.[11]

The District Court for the Eastern District of North Carolina addressed this very issue in *Womack v. United Parcel Service, Inc.*[12] In *Womack*, like here, the district court granted summary judgment on class claims. The defendant argued that tolling of individual filing deadlines ended upon summary judgment, while plaintiffs argued that tolling extended until the class was decertified or final judgment was entered.[13] The court in *Womack* first recognized that "the principal concern motivating the creation of the tolling doctrine was the preservation of the primary goals of Rule 23, maintaining efficiency and economy in class actions."[14] The court thoroughly reviewed cases across the country, acknowledging that "[m]any Circuit Courts of

---

[9] *Id.*

[10] *See Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1392 (11th Cir. 1998).

[11] *See Womack v. United Parcel Serv., Inc.*, 311 F. Supp. 2d 492, 497-98 (E.D.N.C. 2004).

[12] 311 F. Supp. 2d 492 (E.D.N.C. 2004).

[13] *Id.* at 496-97.

[14] *Id.* at 497 (citing *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983)).

Appeals have held that tolling ceases directly upon the denial of class certification, and does not extend through some later order in the action or throughout the appeals process."[15] The *Womack* court held that tolling ceased upon summary judgment because such an order effectively resolves all class claims upon which class members could have based a tolling argument.[16]

The Court is persuaded by *Womack* and other cases that emphasize the true heart of the tolling doctrine under *American Pipe*: judicial efficiency achieved through class treatment under Rule 23. Like the plaintiffs in *Womack*, the individual consent plaintiffs in this case could no longer reasonably rely upon the class action to obtain relief when the Court entered summary judgment on class claims. The filing limitations period recommences once it is no longer reasonable for plaintiffs to rely on the class to protect their rights.[17] Because the purposes for tolling under *American Pipe* no longer applied at that time, the Court finds that such tolling expired when the Court granted summary judgment on Plaintiffs' ADEA claims on June 30, 2010.

**B. The Single-Filing Rule is Not Available to the Former Consent Plaintiffs.**

The single-filing rule, or "piggybacking," is an exception to the general requirement that an individual plaintiff must exhaust administrative remedies before filing an ADEA or Title VII action when the unexhausted claim flows from the same conduct as another plaintiff's timely-

---

[15] *Id. See, e.g., Stone Container Corp. v. U.S.*, 229 F.3d 1345, 1356 (Fed. Cir. 2000) ("[W]e hold that tolling ends when class certification is denied in the trial court."); *Armstrong*, 138 F.3d at 1380 (holding that tolling ends upon district court's denial of class certification and does not extend until later order or throughout appeals process); *Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 390 (5th Cir. 1989) (holding that the statute of limitations begins to run again upon entry of the district court's order denying class certification); *Andrews v. Orr*, 851 F.2d 146, 149–50 (6th Cir. 1988) (holding that the suit "ceased to be a class action" and tolling ended upon entry of order denying class certification); *Fernandez v. Chardon*, 681 F.2d 42, 48 (1st Cir. 1982) ("[T]olling would have ended . . . when the district court declined to certify the class."), *aff'd*, *Chardon v. Soto*, 462 U.S. 650 (1983).

[16] *Womack*, 311 F. Supp. 2d at 497-98.

[17] *See In re Initial Public Offering Sec. Litig.*, 617 F. Supp. 2d 195, 199 (S.D.N.Y. 2007).

filed charge.[18] When a class no longer exists, however, "class members may choose to file their own suits or to intervene as plaintiffs in the pending action."[19] Individuals generally have 300 days after the complained injury to file such charges or claims.[20] As set forth above, the time period for filing these charges or claims is tolled during the pendency of class action claims.[21]

The Tenth Circuit has not directly addressed whether consent plaintiffs may utilize the single-filing rule after the court has dismissed all class claims. However, the Third Circuit addressed this issue in *Ruehl v. Viacom, Inc.*[22] In *Ruehl*, a plaintiff asserted individual claims after the district court decertified an original class.[23] That plaintiff failed to file a timely EEOC charge, but sought to invoke the single-filing rule to "piggyback" on the timely-filed charge of the former class representative. The Third Circuit refused to extend the single-filing rule to an individual plaintiff following class decertification, finding that "dissimilarity frustrates the EEOC's goals of notice and conciliation . . . ."[24]

> Notice is intended to inform an employer of a complaint has been lodged against him and gives him the opportunity to take remedial action. In this case, the only aspect of the [former class representatives'] charges applicable to [the individual plaintiff] was the class-wide allegation that [Defendant] perpetrated a pattern and scheme of systematic discrimination against older workers.[25]

---

[18] *See Fulcher v. City of Wichita*, 387 Fed. Appx. 861, 862 (10th Cir. 2010).

[19] *Parker*, 462 U.S. at 354.

[20] 42 U.S.C. § 2000e-5(e).

[21] *Am. Pipe*, 414 U.S. 543-44.

[22] 500 F.3d 375 (3d Cir. 2007).

[23] *Id.* at 386.

[24] *Id.* at 389.

[25] *Id.*

Accordingly, "the single filing rule is not available to former members of a collective action that is decertified because the plaintiffs are not 'similarly situated.' "[26]

In this case, the Court did not issue an order formally decertifying the class. As set forth above, however, the Court shattered the class when it granted Defendant summary judgment on class claims. It is well-established that "administrative remedies generally must be exhausted as to each discrete instance of discrimination or retaliation."[27] As Defendant points out, former class-wide pattern-and-practice or disparate impact claims necessarily differ from new individual disparate treatment claims. The Court finds that the underlying policy and benefits of a single-filing rule were exhausted when the Court destroyed the class by granting summary judgment on class-wide claims. Because a class no longer exists, the Court follows the analysis in *Ruehl* to hold that Plaintiffs may not invoke the single-filing rule.

## C. Plaintiffs' Motion for Equitable Tolling

Finally, Plaintiffs ask the Court to exercise its discretion to toll the statute of limitations for a period of at least ninety days. This Court has recognized that equitable tolling is appropriate only in under the following limited circumstances:

> Equitable tolling under Title VII is appropriate only when the circumstances of the case rise to the level of active deception, or when the plaintiff has been lulled into inaction by their past employer, state or federal agencies, or the courts, or when the plaintiff has in some extraordinary way been prevented from asserting his or her rights in a timely manner.[28]

Here, Plaintiffs' counsel neither alleged nor introduced evidence that Plaintiffs were actively deceived, lulled into inaction, or otherwise prevented from timely asserting their rights in some extraordinary way. To the contrary, even Plaintiffs' counsel acknowledges his recognition that

---

[26] *Id.* at 390.

[27] *Apsley v. The Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012).

[28] *Davis v. Wesley Retirement Communities*, 913 F. Supp. 1437, 1442 (D. Kan. 1995).

"there is no longer a class," and that the Court's prior decision had the effect of "shattering the class."[29] The Court therefore finds that Plaintiffs have failed to show the type of exceptional circumstances that warrant equitable tolling, and Plaintiffs' request must be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Order (Doc. 442) is **DENIED**, as set forth above.

**IT IS SO ORDERED**.

Dated this 9th day of December, 2013.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[29] Pl.'s Memo. in Support of Mot. for Order, Doc. 443, at 3-4.