IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PERRY APSLEY, *et al.*,         )
                                )
    *Plaintiffs*,            )
                                )
v.                              )     Case No.:  05-1368-EFM
                                )
THE BOEING COMPANY, *et al.*,   )
                                )
    *Defendants*.            )
_____ )

## MEMORANDUM AND ORDER

Defendants moved this Court to dismiss these age discrimination claims due to Plaintiffs' failure to comply with a last-chance order compelling discovery.  Concerned about Plaintiffs' seemingly ongoing failure to adequately participate in this litigation, the Court scheduled a hearing on the motion.  Plaintiffs did not appear at the hearing (more on that later).  Defendants made a detailed, plaintiff-by-plaintiff presentation of discovery response failures, and on January 7, 2015, this Court dismissed all remaining claims.  Plaintiffs appealed; but not timely.  This matter is now back before this Court upon Plaintiffs' Motion For Leave to File Notice of Appeal Out of Time (Doc. 554).

Plaintiffs[1] filed their Notice of Appeal on February 9, 2015; which Defendants asserted was a few days out of time[2] and asked the Tenth Circuit Court of Appeals to dismiss.  Plaintiffs responded pleading excusable neglect:

---

[1] In the Circuit Court of Appeals, Plaintiffs became Appellants, and Defendants became Appellees, but for simplicity purposes they shall continue to be referred to by their status in this Court.
[2] Defendants contend that 30 days from January 7, 2015, was February 6, 2015.  That is uncontroverted (and incontrovertible).  February 6, 2015, was a Friday.

> On Saturday, January 31, 2015, [Plaintiffs'] counsel received news of such a personal, sensitive and debilitating nature that demanded immediate action such that [Plaintiffs'] counsel, because of excusable neglect, was unable to file the Notice of Appeal until February 9, 2014, one business/counting day after the expiration of the purported last day to file said Notice.[3]

The Tenth Circuit directed that request be made to the district court, pursuant to Fed. R. App. P. 4(a)(5), which permits the district court to extend the time to file a notice of appeal. Plaintiffs accordingly filed such motion in this Court. Their memorandum in support of the motion for leave to file out of time acknowledges that the appeal was untimely filed, and pleads excusable neglect upon language virtually identical to that quoted above. As they did in the Circuit Court, Plaintiffs stated a willingness "to provide to this Court an Affidavit and supporting documentation for in camera review of the cause. . . because of the extreme personal nature of the cause of the excusable neglect."[4] Presumably, the Court was expected to request the affidavit and documentation, because none was provided to either this Court or to the Court of Appeals.

Defendants' response challenges that this is a "naked assertion" of excusable neglect.[5] Interestingly, their challenge is not made primarily on the basis that Plaintiffs have failed to carry their burden of demonstrating excusable neglect by making "naked assertions" without any demonstration of proof ("references provided upon request" really is not sufficient to carry one's burden in litigation). This would have been a compelling argument, if made.

Instead, Defendants proffer a fascinating alternate theory of what actually happened. Rejecting Plaintiffs' filed position (before this Court and the Circuit Court) that counsel's personal and debilitating news prevented a timely filing, Defendants assert that Plaintiffs filed on the date they planned to file – February 9 – because Plaintiffs' counsel misunderstood his filing

---

[3] Appellants' Response in Opposition to Motion to Dismiss, United States Court of Appeals for the Tenth Circuit, Case No. 15-3026, Doc. 01019389411, at p. 2.
[4] Doc. 554-1, p. 2.
[5] Doc. 555, p. 1.

2

deadline.  Defendants' attachment to their Response[6] demonstrates that, the day after Plaintiffs filed their notice of appeal, Defendants' counsel emailed Plaintiffs' counsel to inform Plaintiffs that Defendants believed the notice of appeal to be untimely, and that Defendants intended to seek dismissal of the appeal.  Defendants contacted Plaintiffs pursuant to Tenth Circuit rules to determine their position on the planned motion.  Plaintiffs responded (within five minutes according to the email date and time stamps) that they would oppose the motion as their calculation gave them until the 9th.

Now, if Plaintiffs made a miscalculation of dates, they certainly would not be the first litigants to do so.  And this Court, at least, would tend in normal circumstances to be persuadable that a date missed by one day could be due to the excusable neglect of miscalculation.[7]  But the Court is hampered from granting relief to Plaintiffs' on those grounds for the simple reason that Plaintiffs have not sought relief on those grounds.

The Court is further hampered from granting relief upon the grounds for which Plaintiffs have sought relief because Plaintiffs have, as Defendants note, proffered nothing more than the naked assertion of an intervening event.  If Plaintiffs have support for their claim, surely the time to have offered it would have been upon the filing of the motion seeking leave.  Certainly it is not the Court's obligation to serve discovery requests upon a party seeking such relief, who has suggested that it has relevant documents but has failed to offer them, even in an "under seal" request for an in camera review.

---

[6] Doc. 555.

[7] Defendants' brief speculates that the miscalculation was due to Plaintiffs adding three days to the filing period due to Fed. R. Civ. P. 6(d) and Fed. R. App. P. 26(c).  Doc. 555, p. 2, n.2.  It appears that the Tenth Circuit made a similar speculation.  United States Court of Appeals for the Tenth Circuit, Case No. 15-3026, Doc. 01019384927 (attached to Doc. 556).  It also seems likely to this Court, from experience it has had in other circumstances, that the mistake could be as simple as confusing 30 days with one month, determining that one month from January 7 was February 7, and since that date fell on a Saturday, giving themselves until the next business day, Monday, February 9.  In any event, all of this is speculation.  And it is all irrelevant to the inescapable fact that the filing was late.

The Court's concerns about this request go beyond these difficulties, though.  First, the Court notes what the lawyers all know, but what the Plaintiffs themselves (who may be interested enough to read this Order) may not know; and that is how very simple it is to file a notice of appeal.  That may be best illustrated by reference to the (untimely) notice of appeal filed in this case.  In its entirety, save for the case caption, signature block and certificate of service, it reads:  "PLEASE TAKE NOTICE that Notice is hereby given that Plaintiffs in the above-named case, hereby appeal to the United States Court of Appeals for the Tenth Circuit from an Order dismissing the action on the 7th day of January 2015.  DATED: February 8, 2015."[8]  That's it.  No lengthy legal argument, nor voluminous procedural compilation of relevant documents, but something that cannot take more than five to ten minutes to prepare.  Given that, the Court is puzzled how an event purported to have happened on Saturday, January 31, could have prevented the preparation and filing (electronic filing, achievable from one's desk) of such a simple document six days later.[9]

On a more fundamental level, however, this Court must confess to both skepticism of Plaintiffs' counsel's proffered (but unverified) reasons for "excusable neglect" and to frustration with Plaintiffs and/or Plaintiffs' counsel's inattention to this case.  To explain why, we must return to October 22, 2014, when the Court held its hearing on Defendants' motion to dismiss.

---

[8] Doc. 549.

[9] A possible explanation might be that Plaintiffs and their counsel took a long time, with careful deliberation including all of the numerous remaining plaintiffs, in deciding whether or not to appeal.  That, again, would be speculation.  And it is speculation that the Court is inclined to disbelieve. The press coverage of the Court's dismissal the day after such dismissal quoted this same Plaintiffs' counsel as saying he planned to appeal the decision to the Tenth Circuit Court of Appeals and ask the judge to reconsider; to do everything he could to get it reversed.  *Wichita Eagle*, January 8, 2015, p. 2C.  If that story were accepted as accurate, it would indicate that a decision to appeal had been made more than three weeks before the alleged debilitating event of January 31.  However, the Court is reluctant to put too much reliance upon a quote in a newspaper, which has not been independently verified; and further recognizes that a statement to the press that one plans to appeal is not the same thing as an actual, final decision between counsel and client to in fact appeal.

4

As noted, Plaintiffs failed to appear at that hearing. A little background regarding that failure to appear is now in order.[10]

It should be noted that the hearing had been docketed for this date on October 10, 2014.[11] Prior to setting the hearing for October 22, the Court emailed both counsel with proposed dates. Defendants' counsel indicated that two proposed dates would work for them. Plaintiffs' counsel responded that he was available October 22, late morning due to having to travel from Kansas City (roughly three hours away). The Court then set the hearing for October 22, at 1:30 p.m. This date was only twelve days away and was set to accommodate Plaintiffs' counsel's request. Immediately following the setting of that hearing, the Court separately emailed Plaintiffs' counsel to draw his attention to an earlier notification from the Clerk's office that he was in default of maintaining his active status with the Court, and to inform him that he would have to take care of that matter if he wished to participate in the hearing on behalf of his clients.

Plaintiffs' counsel sent the Court an email the day before the hearing, October 21, 2014, but at 10:26 p.m. so that Court staff did not see it until the next morning. The email was sent as a reply to the October 10 email notifying him of his inactive status. His email read, in full: "I have not been advised if I have been reinstated to the case. I am desirous of continuing this hearing to a later date. I have a pre surgery appointment for my son (tonsils). Please advise."

Immediately upon seeing the email the next morning (the day of the hearing), Court staff phoned counsel. When unable to reach him by phone, at 8:31 a.m. he was emailed, cautioning him that waiting until 10:26 the night before the hearing to request a continuance might not be well received, and inquiring whether he had checked on his termination or reinstatement status

---

[10] The events about to be related are drawn from the Court's email and phone conversations. It should be noted that the Court discussed many of these matters on the record at the commencement of that hearing.
[11] Doc. 543.

before the Court.  In fact, his status had been returned to "Active" on October 10, the same day the Court's staff set the hearing and cautioned him about his status.  His status on the electronic docket of this case would have reflected "Active" thereafter, which he would have seen if at any time after his renewal he would have logged in.

At 8:50 a.m., the Court again emailed counsel to inform him of the foregoing – that the docket in this case reflected that his status was active – and to advise him that no motion for a continuance had been filed, nor would one be likely granted at this late date absent an extraordinary emergency.  Counsel and Court staff spoke on the phone shortly thereafter.  The Court was informed that no motion for a continuance had in fact been filed, nor had counsel conferred with opposing counsel regarding a continuance.  Accordingly, he was advised by the Court that the hearing would be conducted as scheduled, and that he should plan to appear.  This conversation happened within a time frame that would have allowed him to make the three-hour trip from Kansas City.  However, counsel indicated that he had learned the day before that his son's doctor for an upcoming tonsils surgery had a cancelation in his schedule that would permit the doctor to see his son that morning on a pre-surgery appointment, and that he wanted to take advantage of the schedule opening.  As noted, he did not appear at the hearing.

This detail is recounted because counsel was quoted in the newspaper story the day after dismissal[12] addressing his non-appearance at the hearing by claiming that he had notified the Court "weeks and days before the hearing – even the day of" that he could not attend because he was dealing with the death of his grandmother who had raised him.  This assertion, if accurately quoted, is dramatically at odds with what he told this Court, and when he told it.

---

[12] The Court has previously referenced this story, in footnote 9, as well as the Court's reluctance to place too much reliance on an unverified quote in the newspaper; but for reasons that become obvious the Court considers them worth noting.

In the final analysis, the Court retains the impression that Plaintiffs (and, significantly, their counsel), continue to have an "apparent lack of interest in pursuing this case."[13] This is evidenced by the reasons stated in the Court's original order of dismissal – the demonstrated disinterest in complying with discovery sanctions that were accompanied by the warning that failure to comply would result in dismissal.  Of course, it is also evidenced by Plaintiffs' non-appearance at the hearing, even though the Court scheduled it at a time Plaintiffs' counsel requested.  The thin and varying reasons given for that non-appearance need not be further discussed.  It is further evidenced by counsel's failure to count to "thirty" in calculating his time for docketing a notice of appeal, and by failing to even take the initiative of submitting to the Court, for an in camera review, his documentation of the personal, sensitive and debilitating events that he claimed form the basis for his excusable neglect.   Finally, for what it's worth, it is evidenced by the failure of Plaintiffs to file a reply to Defendants' response to its motion for leave.  The Court waited the appropriate amount of time for such a reply to be filed, but the date for filing a reply has also now passed.

Moreover, the Court has developed serious doubts about the candor and good faith of counsel's representations.  It is skeptical that counsel was really worried about his reinstatement status on October 22, 2014, the day of the hearing, as opposed to looking for an excuse freeing him to take the sudden opening in the doctor's schedule for his son's non-emergency (tonsils) surgery. It struggles with the varying and inconsistent reasons given for missing the October hearing, and it struggles with the varying and inconsistent representations made about when and how the Court was informed that counsel would not make the hearing.  It is troubled with the incompatible reasons given for missing the filing deadline; first to Defendants' counsel when contacted for a position on the contemplated motion to dismiss, and then to the Circuit Court and

---

[13] Court's Order of Dismissal, January 7, 2015, Doc. 545, p. 15 at n.14.

this Court. In short, the Court has lost confidence in the reliability of anything Plaintiffs' counsel tells it.

This loss of confidence, coupled with a complete failure to give the Court anything other than a "naked assertion" of its grounds for excusable neglect, compels the Court to determine that Plaintiffs have not shown excusable neglect for failing to timely file their Notice of Appeal. Plaintiffs' motion is therefore denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Notice of Appeal Out of Time (Doc. 554) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of April, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE